■ In the Matter of the Claim of BERTHA FRIEDMAN, Respondent, against GENERAL ANILINE & FILM CORPORATION, ANSCO DIVISION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from award of death benefits by a self-insured employer, contending the finding of occupational disease is not supported by substantial evidence. The decedent, a research chemist, worked for the employer approximately 15 years before his death on May 10, 1955 from a rare disease known as myeloid metaplasia of the spleen or extramedullary hematopoiesis. The board found that exposure to vapors of solvents and benzol during the course of his employment as a research chemist contributed to the onset of the disease which resulted in his death. There is a fully developed record as to decedent's alleged exposure to benzol and medically as .to the disease and its relation to exposure to benzol. As to the question of exposure, there is no denial of his association with the poison, the carrier's contention being that it was so "slight" that it could not have caused the subsequent developments. The claimant produced fellow research workers of the decedent, including his assistant, who testified as to his exposure, the frequency and degree thereof. The testimony was developed in the minutest details and the board's finding of exposure was based upon substantial evidence. The medical testimony is likewise fully developed in detail. Dr. Koch for the claimant — supported by an autopsy confirming the disease — gave positive and unequivocal statements of opinion as to the association with benzol and its effect upon the bone marrow tissues and that the disease from which he died was a consequence of the exposure to benzol. The other medical testimony produced by the claimant substantiated the opinion given by Dr. Koch. The medical testimony of the appellants was fully developed and one of the principal reasons for difference of opinion was that their doctors contended there was not sufficient exposure to benzol, at the same time admitting that benzol does have its effect upon bone marrow. They further contended that the disease was "idiopathic" and that this was particularly true because of the type of disease developed by the decedent herein. While there was a sharp difference of opinion medically as to the cause of decedent's death and its relationship with his employment, the testimony produced on behalf of both parties was sufficient to raise a question of fact and the findings by the board were based upon substantial evidence. *Matter of Palermo* v. *Gallucci & Sons*, 6 A D 2d 911, affd. 5 N Y 2d 529.) While there is some discrepancy as to the descriptive words in the board's memorandum and the findings of fact, we are satisfied that the formal findings were sufficient to justify the interpretation that benzol caused the condition which gave rise to or contributed to the onset of myeloid metaplasia and it is not necessary to refer it back to the board for clarification. Decision and award of the Workmen's Compensation Board unanimously affirmed, with one bill of costs against appellants to be divided equally between the Workmen's Compensation Board and the claimant-respondent. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.